UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DOMINICK SERVEDIO, on behalf of
himself and others similarly situated,

                Plaintiff,         **MEMORANDUM AND ORDER**

    -against-                    Case No. 10-CV-1458 (FB) (VVP)

STATE FARM INSURANCE COMPANY,

                Defendant.
---------------------------------------------------------x

*Appearances*:
*For the Plaintiff*:
HARRY I. KATZ, ESQ.
VICTORIA L. WEINMAN, ESQ.
61-25 Utopia Parkway
Fresh Meadows, NY 11365

*For the Defendant*:
EVAN H. KRINICK, ESQ.
MICHAEL P. VERSICHELLI, ESQ.
MAX SAULTER GERSHENOFF, ESQ.
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11556

**BLOCK, Senior District Judge:**

        On September 19, 2011, the Court denied State Farm Insurance Company's ("State Farm's") motion to dismiss Dominick Servedio's claim, brought pursuant to section 349 of the New York General Business Law, that the means by which State Farm offers additional Personal Injury Protection ("PIP") coverage constitutes a deceptive trade practice. *See Servedio v. State Farm Ins. Co.*, 814 F. Supp. 2d 214 (E.D.N.Y. 2011). State Farm moves for reconsideration of that decision. As set forth below, that motion is granted.

**I**

As explained in the Court's prior memorandum and order, State Farm offers purchasers of automobile insurance an optional PIP benefit under which State Farm promises to pay "additional first-party benefits to reimburse for extended economic loss sustained by an eligible injured person." *Servedio*, 814 F. Supp. 2d at 216. Under this provision, the definition of "eligible injured person" is expanded to include any passenger (regardless of residence or accident location) in any vehicle operated by the insured or his or her relatives. "Extended economic loss" is defined as the difference between basic economic loss under the mandatory PIP provision and basic economic loss as "recomputed in accordance with the time and dollar limits set out in the schedule." *Id.* For the level of coverage selected by Servedio (the "Q1" level), the time and dollar limits in question were up to $2,000 per month for up to three years for lost wages, up to $25 per day for up to one year for other expenses, and up to $50,000 in total payments. In other words, although it broadened the circle of covered persons, the optional PIP coverage was subject to the same time and dollar limits as mandatory PIP coverage. Servedio paid additional premiums for the optional coverage.

In its motion to dismiss, State Farm argued that Servedio failed to adequately allege any of the three elements of a section 349 claim: "[F]irst, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000). With respect to the third element—which is the focus of State Farm's motion for reconsideration— the Court agreed that Servedio's allegation of injury was conclusory, but deemed the complaint amended to allege the injury that had become

2

clear in Servedio's submissions and at oral argument, namely the payment of additional premiums.

Though expedient, deeming the complaint amended did not allow the parties to fully address whether a refund of the premiums would remedy an injury for which section 349 provides relief. State Farm's motion for reconsideration has offered both parties the opportunity to do so.

## II

The types of injury that section 349 was intended to remedy are limited. As the Court previously noted, the "plaintiff's alleged injury 'must be independent of the loss caused by . . . breach of contract.'" *Servedio*, 814 F. Supp. 2d at 219 (quoting *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009)). Thus, as Servedio has recognized, section 349 would not entitle him to recover the additional coverage he was allegedly misled to believe he was purchasing.

In addition, as State Farm points out, a section 349 claim will not lie where the deceptive act itself was the only injury. In *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43 (1999), the New York Court of Appeals rejected the theory that "consumers who buy a product that they would not have, absent a manufacturer's deceptive commercial practices, have suffered an injury under General Business Law § 349." *Id.* at 56. Courts have uniformly read *Small* to mean that section 349 does not entitle a consumer to a refund of the price of a good or service whose purchase was allegedly secured by deception. *See, e.g., Baron v. Pfizer, Inc.*, 840 N.Y.S.2d 445, 448 (3d Dep't 2007) (affirming dismissal of claim of

3

plaintiff seeking "a refund of the purchase price of Neurontin on the ground that she would not have purchased the drug absent defendant's deceptive practices"); *Sokoloff v. Town Sports Int'l*, 778 N.Y.S.2d 9, 10 (1st Dep't 2004) ("Plaintiff does not claim any kind of monetary loss other than payment of her membership fees[.]"); *Bildstein v. MasterCard Int'l*, 329 F. Supp. 2d 410, 415 (S.D.N.Y. 2004) ("Bildstein alleges that his injury is the fact that he paid the deceptive [foreign currency transaction fee.] It is well established, however, that the claimed deception cannot itself be the only injury.").

The rationale of *Small* and its progeny is that deceived consumers may nevertheless receive—and retain the benefits of—something of value, even if it is not precisely what they believed they were buying. *See Small v. Lorillard Tobacco Co.*, 679 N.Y.S.2d 593, 599 (1st Dep't 1998) ("[P]laintiffs' subsequent regret about their purchasing decisions, while understandable, is simply not actionable."); *Baron*, 840 N.Y.S.2d at 448 ("[P]laintiff failed even to allege—either in her complaint or supporting affidavit—that Neurontin was ineffective to treat her neck pain[.]"); *Sokoloff*, 778 N.Y.S.2d at 186 ("[Plaintiff] does not claim that defendant failed to deliver the services called for in the contract, never sought to cancel the contract, remains a member of defendant's health club and continues to pay defendant's monthly membership fees without objection."); *Bildstein*, 329 F. Supp. 2d at 416 ("The Amended Complaint is bereft of any allegation that MasterCard failed to deliver the service Bildstein paid for[.]"). In that regard, the Court of Appeals in *Small* left open the possibility that "a plaintiff might have a claim for the *higher* price the consumer paid for the product as a result of the misrepresentation." 94 N.Y.2d at 56 n.5 (emphasis added).

Thus, a plaintiff who alleges that a deceptive practice caused him to pay more than the good or service he actually received was worth may be able to satisfy the injury requirement. *See Ackerman v. Coca-Cola, Inc.*, 2010 WL 2925955, at *23 (E.D.N.Y. Jul. 21, 2010) ("Injury is adequately alleged under [section 349] by a claim that a plaintiff paid a premium for a product based on defendants' inaccurate representations."). But that theory of injury is not available to Servedio because of the "filed rate doctrine," under which "any 'filed rate'—that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers." *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994). The doctrine is fully applicable to insurance premiums set by the New York Department of Insurance ("DOI"). *See Minihane v. Weissman*, 640 N.Y.S.2d 102, 103 (1st Dep't 1996) (holding that doctrine barred claim that health insurers defrauded DOI into approving higher premium).

Servedio contends that the doctrine is not applicable to his section 349 claim because he claims, not that the premium he paid was unreasonable for the coverage provided, but that it was more than he would have paid had he known exactly what that coverage was. The Court agrees that Servedio is not directly challenging the reasonableness of the premium he paid. *Accord* Tr. of May 18, 2011, at 27 ("THE COURT: [I] don't think the filed rate doctrine has anything to do with this at all."). Nevertheless, the doctrine is relevant because it establishes, as a matter of law, that the value of the coverage Servedio obtained—an expanded definition of "eligible injured person"—was precisely equal to the premium he paid.

5

That Servedio was allegedly deceived into buying additional PIP coverage that differed from what he thought he was buying is not, standing alone, a cognizable injury under section 349. The filed rate doctrine conclusively precludes him from claiming that the coverage he did receive was worth less than the premium he paid for it. For these reasons, Servedio cannot plausibly allege an injury for which section 349 provides a remedy.

### III

On reconsideration, State Farm's motion to dismiss Servedio's section 349 claim is granted. Since the Court previously granted State Farm's motion to dismiss Servedeio's fraud claim, the complaint is now dismissed in its entirety.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 6, 2012