UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x **MEMORANDUM AND ORDER**
DOMINICK SERVEDIO, on behalf of himself     Case No. 10-CV-1458 (FB)
and others similarly situated,

        Plaintiff,

  -against-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
---------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*  
HARRY I. KATZ, ESQ.  
61-25 Utopia Parkway  
Fresh Meadows, NY 11365

*For the Defendant*:  
EVAN H. KRINICK, ESQ.  
MICHAEL P. VERSICHELLI, ESQ.  
MAX S. GERSHENOFF, ESQ.  
Rivkin Radler LLP  
926 RXR Plaza  
Uniondale, NY 11556

**BLOCK, Senior District Judge:**

On September 6, 2012, the Court granted the motion for reconsideration filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm") and dismissed Plaintiff Dominick Servedio's ("Servedio's") claim for violation of section 349 of the New York General Business Law. As this claim was Servedio's last remaining cause of action, the Court then proceeded to dismiss the complaint in its entirety. Servedio now moves for reconsideration of the Court's decision. For the below stated reasons, his motion is denied.

I

As has been discussed previously, Servedio purchased from State Farm automobile insurance that included both mandatory Personal Injury Protection ("PIP") as well

as optional additional PIP coverage. The mandatory PIP benefit provided for coverage up to $50,000 in total payments. The optional PIP benefit provided added coverage by expanding the definition of an "eligible injured person" to include any passenger (regardless of residence or accident location) in any vehicle operated by the insured or his or her relatives. Importantly, the optional PIP benefit did not increase the total dollar amount of coverage. For this optional PIP coverage Servedio paid a premium in addition to the amount paid for the mandatory PIP coverage. In this lawsuit, Servedio claims that State Farm deceived him into believing that the optional PIP benefit provided for financial coverage above the $50,000 limitation, and that he was unaware of the expanded "eligible injured person" definition until his commencement of the current proceedings.

In dismissing Servedio's last remaining claim, the Court found that he "c[ould not] plausibly allege an injury for which section 349 provides a remedy." Sept. 6, 2012 Order at 6. Recognizing that "section 349 does not entitle a consumer to a refund of the price of a good or service whose purchase was allegedly secured by deception," the Court went on to address whether Servedio could identify a cognizable injury where the "deceptive practice caused him to pay more than the good or service he actually received was worth." Order at 3, 5. Finding that this theory of injury was unavailable to Servedio because of the "filed rate doctrine,"[1] the Court explained that the doctrine establishes "that the value of the coverage

---

[1] The "filed rate doctrine" provides that "any 'filed rate'–that is, one approved by the governing regulatory agency–is per se reasonable and unassailable in judicial proceedings brought by ratepayers." *Wegoland Ltd. v. NYNEX Corp.*, 27 F.3d 17, 18 (2d Cir. 1994). As this Court previously found, the doctrine is fully applicable to insurance premiums set by the New York Department of Insurance. *See Minihane v. Weissman*, 640 N.Y.S.2d 102, 103 (1st Dep't 1996) (holding that the doctrine barred plaintiff's claim that health insurers defrauded the DOI

2

Servedio obtained—an expanded definition of 'eligible injured person'—was precisely equal to the premium he paid." Order at 5. On this basis the Court concluded that the filed rate doctrine "precludes [Servedio] from claiming that the coverage he [] receive[d] was worth less than the premium he paid for it," and thus he could not allege an injury for which section 349 provided a remedy. Order at 6. Accordingly, the Court dismissed the section 349 claim.

## II

On reconsideration Servedio claims that the Court misconstrued his argument, and that rather than contending that the optional PIP coverage was "worth less" than the amount he paid, it was actually "worthless." Pl.'s Reply Br. at 4. In other words, Servedio claims that he "did not receive anything of value" from State Farm under the additional PIP coverage because he misunderstood the nature of the benefit. Pl.'s Mot. for Recons. at 6. This argument fails as it is merely an extension of the argument Servedio previously made and which was rejected by the Court.

Initially, Servedio's insistence that he failed to receive anything of value for the additional premiums he paid does not call into question the applicability of the filed rate doctrine. As the Court previously explained, this doctrine conclusively establishes "that the value of the [additional PIP] coverage Servedio obtained . . . was precisely equal to the premium he paid." Order at 5. Servedio cannot plausibly contend that he "failed to receive anything of value" where he himself has conceded that he received a benefit from State Farm in the form of the expanded definition of "eligible injured person." *See* Pl.'s Opp'n to Def.'s

---

into approving higher premiums).

3

Mot. to Dismiss at 1 ("The benefit [the additional PIP coverage] did provide was . . . an expansion of the definition of who is a covered person."); Pl.'s Opp'n to Def.'s Mot. for Recons. at 10 ("Plaintiff's claim is . . . that he received an insurance that was different from what he expected, i.e., a broader definition of an insured, as opposed to an increased dollar amount of coverage."); Order at 5 (discussing the value obtained by plaintiff to be "an expanded definition of 'eligible injured person'."). Finally, Servedio does not claim that State Farm failed to properly provide benefits under the additional PIP coverage provision. *See Sokoloff v. Town Sports Int'l*, 778 N.Y.S.2d 9, 10 (1st Dep't 2004) (holding court properly dismissed plaintiff's section 349 claim where she "d[id] not claim that defendant failed to deliver the services called for in the contract"); *Bildstein v. Mastercard Int'l, Inc.*, 329 F. Supp. 2d 410, 416 (S.D.N.Y. 2004) (finding plaintiff failed to allege facts establishing actual injury on a section 349 claim where he did not allege that the defendant "failed to deliver the service [plaintiff] paid for"). Accordingly, Servedio has not demonstrated a basis for finding error in the Court's determination that he failed to allege an injury for which section 349 provides a remedy. *See Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [] a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

## III

For the foregoing reasons, the Court denies Servedio's Motion for Reconsideration of its September 6, 2012 Order.

**SO ORDERED.**

_____

FREDERIC BLOCK

Senior United States District Judge

Brooklyn, New York
December 18, 2012