MANDATE

12-3884-cv
Servedio v. State Farm Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand thirteen.

PRESENT:
       JOSÉ A. CABRANES,
       PETER W. HALL,
       DENNY CHIN,
              *Circuit Judges.*

─────────────────────────────────────────────

DOMINICK SERVEDIO, on behalf of himself and others similarly situated,

       *Plaintiff-Appellant*,

          v.                                  No. 12-3884-cv

STATE FARM INSURANCE COMPANY,

       *Defendant-Appellee*.

─────────────────────────────────────────────

**FOR PLAINTIFF-APPELLANT:**      HARRY I. KATZ, Law Office of Harry I. Katz, P.C., Fresh Meadows, NY.

**FOR DEFENDANT-APPELLEE:**      MICHAEL P. VERSICHELLI, Evan H. Krinick, Cheryl F. Korman, Rivkin Radler LLP, Uniondale, NY.

Appeal from the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 6, 2012 order of the District Court granting, on reconsideration, defendant's motion to dismiss plaintiff's complaint is **AFFIRMED**.

Plaintiff-appellant Dominick Servedio ("plaintiff" or "Servedio"), commenced this putative class action against defendant-appellee State Farm Insurance ("defendant") raising claims of deceptive trade practices and false advertising, in violation of New York General Business Law §§ 349, 350 and common law fraud. On September 19, 2011, the District Court granted defendant's motion to dismiss all of plaintiff's claims except his Section 349 claim. *See Servedio v. State Farm Ins. Co.*, 814 F. Supp. 2d 214, 220 (E.D.N.Y. 2011). Defendant moved for reconsideration of the District Court's ruling on the Section 349 claim. On September 6, 2012, the District Court granted the motion for reconsideration, dismissed plaintiff's Section 349 claim and dismissed his complaint in its entirety. *See Servedio v. State Farm Ins. Co.*, 889 F. Supp. 2d 450, 451 (E.D.N.Y. 2012). Plaintiff then moved for reconsideration of that decision, which the District Court denied. *See Servedio v. State Farm Mut. Auto. Ins. Co.*, No. 10-CV-1458(FB), 2012 WL 6600317, at *1 (E.D.N.Y. Dec. 18, 2012). This timely appeal followed. We assume the parties' familiarity with the facts and procedural history of this case, to which we refer only as necessary to explain our decision to affirm.

On appeal, plaintiff claims that the District Court "misapprehended" his Section 349 claim. Appellant's Br. 11. We review plaintiff's challenge to the first reconsideration motion for an abuse of discretion, *see Harris v. Kuhlmann*, 346 F.3d 330, 348 (2d Cir. 2003), but note that this appeal also brings the underlying decision up for review, *see "R" Best Produce, Inc. v. DiSapio*, 540 F. 3d 115, 121 (2d Cir. 2008). "We review *de novo* the grant of a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Having conducted a *de novo* review of the record in light of these principles, we conclude that the District Court did not err, substantially for the reasons set forth by the District Court in its decisions of September 6, 2012 and December 18, 2012. *See Servedio v. State Farm Ins. Co.*, 889 F. Supp. 2d at 452 ("[D]eceived consumers may nevertheless receive—and retain the benefits of—something of value, even if it is not precisely what they believed they were buying"); *Servedio v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 6600317, at *1 ("Servedio does not claim that [defendant] failed to properly provide benefits under the additional [] coverage provision").

We have reviewed all of plaintiff's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the September 6, 2012 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2